(No. 32695.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TRUMAN O'DELL ROGERS, Plaintiff in Error.

*Opinion filed May 20, 1953—Rehearing denied September 21, 1953.*

CHARLES E. MASON, and SIDNEY H. BLOCK, both of Waukegan, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and ROBERT C. NELSON, State's Attorney, of Waukegan, (EUGENE T. DALY, RICHARD BAIRSTOW, HARRY L. PATE, and FRED G. LEACH, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Truman O'Dell Rogers, hereinafter referred to as the defendant, was indicted in the circuit court of Lake County, on April 2, 1952, the first and third counts of which indictment charged forcible rape, the second count charging statutory rape. On the trial of this cause on June 10, 1952, the jury by its verdict found the defendant not guilty on counts I and III and guilty on count II, and fixed his punishment at ten years in the penitentiary. A motion for a new trial and arrest of judgment were overruled. Responding to a writ of error sued out of this court by the defendant, the record is here for review.

Numerous issues of law and fact are presented, but in light of our ultimate disposition of the case, it will only be necessary to consider two issues of law. There will be no necessity for a detailed factual account. The complaining witness is a high school girl under the age of sixteen years. She became acquainted only slightly with the defendant while he was working in a small hamburger stand. She resided at 8842 West Grand Avenue, River Grove, Cook County, Illinois. She was a student at Lyden Community High School. On December 11, 1951, at about 6:30 P.M., the defendant persuaded her to ride with him in his automobile. She had planned and was enroute at the time to attend a social function at the high school, but the defendant failed to take her to the high school as he had promised and persuaded her to go for a ride. The two drove aimlessly about in the northwest part of Cook County and the southwest part of Lake County for several hours. The alleged rape occurred near the Dome Tavern. The exact location of this tavern, near which the complaining

witness testified that the assault occurred, was a matter of considerable uncertainty. Consequently, it was with some difficulty that the State was able to properly establish venue. This was accomplished, however, when a deputy sheriff, Frank Valenta, testified without equivocation that the Dome Tavern was situated in Lake County.

Early in the proceedings the defendant moved for his discharge under section 18 of division XIII of the Criminal Code. (Ill. Rev. Stat. 1951, chap. 38, par. 748.) This protective measure was enacted to implement section 9 of article II of our constitution which guarantees every person accused of crime a speedy and public trial. Pertinent provisions of section 18 read as follows: "Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, * * *." This court has repeatedly held that it is mandatory and not discretionary that the State afford a defendant a trial within the statutory period, that such statute confers upon a defendant a substantial and absolute right under the constitutional guarantee. The facts surrounding the prolonged detention of Rogers in the instant case are not in dispute. The alleged offense occurred on December 11, 1951. He was arrested and committed to the Cook County jail on December 12, 1951. Thereafter he was indicted by the Cook County grand jury for statutory and forcible rape. This indictment was *nolle prossed* on February 15, 1952. On the same date, without being released, he was transferred to the sheriff of Lake County, where he remained in custody until the date of his trial, June 10, 1952. He was indicted by the March, 1952, Lake County grand jury which was recalled in April.

The problem presented therefore is as follows: The prosecuting authorities in Cook County proceeded upon the theory that the complaining witness was assaulted in Cook

County. There was much confusion and uncertainty on that question. Further investigation, however, revealed that the alleged offense was committed in Lake County. After this determination, the defendant was transferred to Lake County and it was within four months of his commitment to jail in Waukegan that he received a trial. It is contended by the defendant that the four months' period should be computed from December 12, 1951, the date of his confinement in the jail in Cook County.

Similar in many respects to the case under consideration is that of *People* v. *Stillwagon*, 373 Ill. 211. There the defendant was involved in a holdup in Lake County on August 18, 1936. The proceeds of the robbery were transported into Cook County, whereupon defendant was arrested, and held in custody until November 18, 1936. Although indicted by the Cook County grand jury for larceny, the indictment was stricken with leave to reinstate on November 18, whereupon the defendant was surrendered to the sheriff of Lake County who placed him in the jail of Lake County where he remained until February 8, 1937. The defendant was tried on a charge of robbery. The criminal court of Cook County had jurisdiction to try defendant on the charge of larceny under the statute which provides that where property is stolen in one county of the State and carried into another, the jurisdiction shall be in any county into or through which the property may have passed, or where it may be found. The defendant in that case contended that the four months' period should have started from the first day of his confinement in the Cook County jail, but the court holding adversely said, at page 214: "The only court competent to try defendant for robbery was the court having jurisdiction of the offense,—namely, the circuit court of Lake county. He had been neither indicted nor held in custody in Cook county on the charge of robbery. Since the one court having jurisdiction of the crime of robbery tried defendant within four months of the date

of his commitment on this charge, it follows, necessarily, that his right to a speedy trial was not invaded and his motion for discharge properly denied." In this case defendant's indictment in Cook County contained the same charges as those appearing in the Lake County indictment, but it was discovered that Cook County did not have jurisdiction because of the lack of venue. Cook County, in the *Stillwagon case*, did not have jurisdiction of the robbery charge but did have jurisdiction under a special statute of the larceny offense, although the robbery out of which the larceny stemmed occurred in Lake County. The uncontradicted proof in the instant case demonstrates that the crime, if any, was committed in Lake County. Therefore, the circuit court of Lake County and not Cook County was the only court that had jurisdiction to adjudicate the matter. Since the trial occurred in that county within the statutory period, the court properly ruled that the defendant was not entitled to the relief sought under section 18.

At the close of the State's case, defendant moved for a directed verdict and among other deficiencies in the State's proof pointed out the failure to prove the defendant's age. The court permitted the prosecution to reopen the case and to make such proof. Robert O'Halen, the chief of police of River Grove, testified that when he arrested Rogers, he told him he was 35 years of age. The court inquired if that was all they had to offer on the age of the defendant, and the State's Attorney made an affirmative reply. It is contended by the defendant that his age, a necessary element of the *corpus delicti,* was not properly proved. It is a fundamental proposition of law in American Criminal Jurisprudence that the *corpus delicti* cannot be established by an extrajudicial verbal confession or admission alone. There is only one American case that holds to the contrary. One of the leading cases in the United States, relied upon by the defendant and cited approvingly in many foreign jurisdictions, is *Wistrand* v. *People,* 213 Ill. 72, 79. A copious

quote from that decision will delineate its applicability to our problem: "Where a conviction of the crime of rape without force is sought, to establish the *corpus delicti,* it is necessary that the proof should show, first, that the female was under the age of fourteen; second, that the male was over the age of sixteen; third, that sexual intercourse occurred between them. In this case the fact that the female had not reached the age of fourteen was shown by the evidence of her father. The fact that the sexual intercourse took place was shown by the evidence of the female herself and by the written confession of the male, made shortly after his arrest. This confession contained also a statement that he was forty-four years old, and his age was not otherwise proven. It is elementary that the *corpus delicti* cannot be proven by the confession of the defendant alone. (*May* v. *People,* 92 Ill. 343; *Williams* v. *People,* 101 id. 382; *Gore* v. *People,* 162 id. 259.) Unless the defendant was above the age of sixteen at the time of the alleged commission of the offense, there was no violation of the statute. It was as essential to prove his age as it was to establish the age of the female, or to show that fornication occurred. Either of the three elements lacking, the *corpus delicti* is not established." The People suggest that the defendant was present in court on the trial, and that this together with the confession was sufficient to justify the jury in finding him to be more than sixteen years of age. In the People's brief, it is argued that the jury, having had an opportunity to see the defendant on the witness stand, could safely conclude that he was more than seventeen years of age. Answering this same argument in the *Wistrand case,* the court said: "While the appearance of the defendant might be conclusive evidence to the jury, there would be some difficulty in having evidence of that character preserved in the bill of exceptions for the inspection of a court of review. To allow a jury to make up their verdict upon a disputed fact from their own indi-

vidual observation would be most dangerous and unjust.'
*Seaverns* v. *Lischinski,* 181 Ill. 358."

That this rule of criminal procedure is general can be ascertained in A.L.R., vol. 40, p. 461, also Greenleaf on Evidence, vol. 1, sec. 217, also McClain on Criminal Law, vol. 1, p. 379, sec. 397. Our predecessors on this court have not deviated from such rule. *People* v. *Davidson,* 240 Ill. 191; *People* v. *Claussen,* 367 Ill. 430; *People* v. *Willson,* 401 Ill. 68-77; *People* v. *Davis,* 358 Ill. 617.

In this particular case, it may appear that undue importance is being attached to a technical error. However, we do not feel at liberty to disregard a rule of procedure that is so deeply and uniformly fixed as the law in all jurisdictions. The judgment entered herein must be reversed and the cause remanded for another trial.

*Reversed and remanded.*