THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANDY JOSEPH D'ANGELO, Defendant-Appellant.

(No. 72-233;

Fifth District—July 10, 1975.

Robert E. Farrell, of State Appellate Defender's Officer, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant was charged by an indictment in the Circuit Court of St. Clair County with two counts of rape and aggravated kidnapping. On January 7, 1972, the jury which heard the defendant's case announced to the court that a verdict could not be reached and a mistrial was declared. On January 28, 1972, a subsequent indictment was returned charging the defendant with the original offenses of rape and aggravated kidnapping, and further charging the defendant with indecent liberties with a child and a second count of aggravated kidnapping.

Later the cause proceeded to trial on the four-count indictment of January 28, 1972, and the jury returned a verdict of guilty of indecent liberties with a child. The defendant was sentenced to a term of 4 to 20 years in the Illinois State Penitentiary.

The defendant frames four issues for review: (1) the State should have been barred from prosecuting defendant on Counts III and IV of the second indictment; (2) the corpus delicti of the offense was not proved; (3) the closing argument of the prosecutor denied the defen-

dant a fair trial; and (4) he was not proven guilty beyond a reasonable doubt.

We are of the opinion that the above four points must be decided adversely against the defendant, and the judgment of the trial court must be affirmed.

In treating the first point presented by the defendant on appeal, the State and the defendant cite the case of *People v. Miller*, 35 Ill.2d 62. This case is very similar to the case at bar. In *Miller*, a trial for the offense of rape resulted in a "hung" jury and the defendants were retried on a new indictment, which included taking indecent liberties with a child and contributing to the sexual delinquency of a child. Defendant's motion in the *Miller* case for dismissal of Counts III and IV of the second indictment was controlled by provisions of sections 3—3 and 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1963, ch. 38, pars. 3—3, 3—4). Section 3—3 is:

> "(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.
>
> (b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.
>
> (c) When 2 or more offenses are charged as required by Subsection (b), the court in the interest of justice may order that one or more of such charges shall be tried separately."

The supreme court in *Miller* held "that the additional crimes charged in the second indictment * * * were crimes which section 3—3 requires to be included in a single prosecution, since all of the offenses were known * * *." 35 Ill.2d 62, 65.

■■ We must next consider section 3—4(b)(1) of the Criminal Code of 1961, which provides as follows:

> "(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:
>
> (1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code (unless the court ordered a separate trial of such charge);

or was for an offense which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution, or the offense was not consummated when the former trial began * * *."

The State contends that this section bars a subsequent prosecution only if a "former prosecution" resulted in either conviction or acquittal and that it is inapplicable in the present case where the "former prosecution" resulted in a mistrial and not in a conviction or acquittal. The supreme court in the *Miller* case agreed with this interpretation and stated:

"One condition remains and this is contained in the introductory sentence and first clause of the subparagraph of the section, wherein it is provided that, 'A prosecution is barred * * * if such former prosecution: (1) Resulted in either a conviction or an acquittal, * * *.' This language cannot be ignored and it is clear that this is a condition which is descriptive of the former prosecution and is as essential to the application of the section as is the existence of any one of the conditions descriptive of the subsequent prosecution. Necessarily, therefore, where the former prosecution resulted in a mistrial and not in a conviction or acquittal, the section is inapplicable and the trial court and the appellate court erred in ruling that subsequent prosecution of the additional charges was barred." 35 Ill.2d 62, 66.

In connection with defendant's first argument or error, he states that the State was estopped from charging additional counts because of its former prosecution. At the close of all the evidence at defendant's first trial, his attorney offered a defense instruction defining the alleged offense of contributing to the sexual delinquency of a child. The State objected and the trial court sustained the objection. Defendant thus argues that by objecting to the defendant's effort to offer an instruction on a lesser included offense to that charged by the original indictment, the State had chosen to seek a verdict on the principal offense only, and and in so doing was estopped from charging the defendant with any lesser included offense at a subsequent prosecution.

The three cases cited by defendant, *People v. Taylor*, 36 Ill.2d 483, *People v. Brown*, 130 Ill.App.2d 672, and *People v. Williams*, 10 Ill.App.3d 456, are not in point, and he admits that he is unable to provide the court with any cases which touch directly on the issue. He provides some eloquent arguments in his brief suggesting that the prosecution gambled and lost when it tried the defendant on the charge of rape only in the first case. The ruling of the trial court in the first case on the instruction in question did not in any way prejudice the defendant in the trial. It can be said that the prosecution adopted the de-

fendant's theory when it charged a lesser included offense during the second trial.

Defendant's next contention is that the State failed to prove the corpus delicti of the offense of indecent liberties with a child. The count of the indictment upon which the defendant was found guilty reads as follows:

"\* \* \* committed indecent liberties with a child in that he, being a person of the age of 17 years and upwards, committed the offense \* \* \* in that he with intent to satisfy his sexual desires lewdly touched C. L., a child under the age of 16 years \* \* \*."

There is no question that the State has the burden to prove the age of the defendant to be 17 years or upwards in a prosecution for indecent liberties. The State failed to introduce any positive evidence on this point, but there were factors present at the trial which clearly indicated that the defendant was over the age of 17 years.

Defendant was described as an "adult" by one witness. Henry Kinsman, principal of Cahokia Elementary School, testified that he spoke to the defendant on the date of the alleged offense, and he described the defendant as an adult. This testimony is tantamount to an expression of an opinion on the part of Kinsman that the defendant was at least 17 years old. A person who has had ample opportunity to observe the defendant may state an opinion as to the defendant's age and that opinion is relevant in determining whether the age of the defendant was proved. Kinsman's testimony, standing alone, is not sufficient to prove that the defendant was over 17 years of age. His opinion that the defendant was an adult, however, is of great probative value and may be considered together with other evidence.

Robert Antoff, a Cahokia police officer, testified that he went to the Huffman School and spoke to Kinsman about an offense committed at the school. He stated that he received a description of the suspect as "a white male, 35 to 40 years old." Since the defendant was positively identified as the man at the school, we can assume that the suspect referred to by Kinsman was the defendant. This testimony must be considered with the other factors concerning the defendant's age.

■■ While it is true that there was no direct evidence by the prosecution that the defendant was 17 years of age or older, the above factors concerning defendant's age taken as a whole leave little doubt that the defendant was over 17 years of age. In *People v. Roy*, 124 Ill.App.2d 52, the court held that "[i]t is necessary, as an element in the chain of proof in a case of this nature, that the age of both the victim and the accused be proven by substantial evidence." The *Roy* case concerned the conviction of the defendant of indecent liberties.

■■ Just what is substantial evidence has been defined by numerous

court opinions. In *Marker v. Finch* (D.C. Del. 1971), 322 F.Supp. 905, the court stated, "Substantial evidence is evidence which a reasoning mind would accept as sufficient to support a particular conclusion and consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." In Words and Phrases, "Substantial Evidence," the following definition is quoted: "Substantial evidence is more than a scintilla and consists of such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Numerous citations follow the quote. Studying the entire record and applying the evidence produced in the instant case concerning the defendant's age, there can be little doubt that there was substantial evidence of defendant's age as being over 17.

The defendant raises the issue of whether or not certain comments in the closing argument of the prosecution were inflammatory. He claims that these statements were designed to influence and prejudice the jury against the defendant. Several times counsel for defendant objected to prosecutor's remarks and the objection was sustained with the court admonishing the jury to disregard those statements. On other occasions, counsel's objections were overruled.

At the close of the prosecutor's final remarks, he said:

> "You're going to have to say O.K. it was a mistake and we are going to let this child molester out. In my book he's a lot worse than a child molester. I just ask that you fairly consider this evidence  *  *  *."

This was not objected to by the defendant but is cited in his brief as to being highly inflammatory. The defendant also complains of the prosecution using the words "baloney" and "poppycock" in referring to the defense theory in the case. The supreme court in *People v. Powell*, 53 Ill.2d 465, and *People v. Prim*, 53 Ill.2d 62, considered language, which was far more critical and scathing of the defendant and his defense than what appears in the instant case. In the *Powell* case the court said: "No objection was made and from a review of the entire record we do not believe that any plausible interpretation of this comment may be construed as seriously prejudicial." (53 Ill.2d 465, 476.) In the *Prim* case, the court said, "We have reviewed the record with regard to the comments to which defendant objects and have considered them in the context of the entire argument. We conclude that the opinions expressed by the prosecutor are based on the evidence and are not expressions of his personal opinion." (53 Ill.2d 62, 77.) The quotations from the above two cases can be appropriately used to answer and do answer the objections of the defendant as to certain comments made by the prosecutor in his closing argument.

■■ The defendant cites the case of *People v. Heidman*, 11 Ill.2d 501,

as authority for its position in asking for a reversal of the case because of an objectionable closing argument, but the following language in this case is pertinent:

> "It is impossible to lay down a precise rule in regard to what may or may not be said in an argument to the jury. * * * But a prosecuting attorney has the right to draw all the legitimate inferences he can from the facts proved, and the accused cannot complain that such deductions place him in a bad light before the jury. Thus the prosecutor may comment upon the conduct of the accused, and denounce his wickedness, if such comment and denunciation are based upon evidence competent and pertinent to the issues." (11 Ill.2d 501, 511.)

After examining the record pertaining to the closing argument of the prosecutor, we do not believe the entire argument to be so inflammatory and prejudicial as to justify a reversal.

The final point in defendant's appeal is that the State failed to prove the defendant guilty beyond a reasonable doubt. In cases of this nature, the testimony of the prosecutrix, even though uncorroborated by other witnesses, may be sufficient to justify a conviction if the same is clear and convincing. The prosecutrix testified that she was 8½ years of age and in the third grade. On the day in question she related that she left the school with the defendant and got into his automobile. She sat in the front seat with the defendant driving. The prosecutrix said that later on they stopped and the defendant touched her between the legs. She then testified that later on the defendant touched her again between the legs with his hand. Upon arriving home, her mother took her to the hospital where she was examined by a doctor. The doctor testified that he noted fresh blood on the underpants and testified to the existence of a laceration in the girl's vagina.

The truth of the young girl's testimony is confirmed on many points: the presence of the defendant at the school, the departure from the school by the defendant and the prosecutrix in the same automobile alone with the defendant driving, the immediate reporting of the incident to the young girl's mother, and a thorough examination at the hospital by a doctor. "If the testimony of the prosecutrix is clear and convincing it is not necessary that she be corroborated in order to sustain a conviction." *People v. Polak,* 360 Ill. 440, 444-45; *People v. Vaughn,* 390 Ill. 360; *People v. Sciales,* 345 Ill. 118.

The determination of the question of whether the prosecutrix told the truth is the primary function of the jury. The jury, acting within the province committed to it, has passed upon the credibility of the witnesses and has determined the weight of the evidence. (*People v. DeFrates,* 395 Ill. 439.) This court cannot say, upon a review of the entire record,

that the jury was not warranted in finding that the defendant's guilt was established beyond a reasonable doubt.

The judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

G. MORAN and CREBS, JJ., concur.