THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RAYMOND LESTER BOSTON; Defendant-Appellant.

Second District No. 76-275

Opinion filed August 25, 1977.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert Heise, Assistant Public Defender, of counsel), for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant was convicted of contributing to the sexual delinquency of a child (Ill. Rev. Stat. 1975, ch. 38, par. 11—5(a)(4)) and sentenced to a term of seven days in the Du Page County jail. He appeals, contending that he was not proven guilty beyond a reasonable doubt.

He first argues that the State failed to prove beyond a reasonable doubt, or even by substantial evidence, that he was "14 years and upwards" as provided in the statute. It is conceded that the record does not contain any specific reference to defendant's age. Defendant contends that by the terms of the statute the crime charged can be committed only by a person

who is 14 or over and thus that the proof of age becomes a material element of the offense to be proved by the State. *People v. Rogers*, 415 Ill. 343, 348 (1953); *People v. D'Angelo*, 30 Ill. App. 3d 86, 90-91 (1975); *People v. Roy*, 124 Ill. App. 2d 52, 61 (1970).

■■ While both the *Roy* and *D'Angelo* cases refer to proof by "substantial" evidence, we agree with the defendant that the proof required is that beyond a reasonable doubt as with any other material element of the crime. (See Annot., 49 A.L.R.3d 526, 528 (1973).) And we further agree that proof of age cannot be supplied by inspection of the defendant's person by the trier of the facts. *Wistrand v. People*, 213 Ill. 72, 80 (1904); *People v. Rogers*, 415 Ill. 343, 348 (1953).

■■ There are, however, numerous references in the record from which it clearly appears that the defendant must have been over the prescribed minimum age. There are repeated characterizations in the record, for example, that Dennis Boston was the stepson of the defendant. This raises a fair inference that defendant was legally old enough to be married to the mother of Dennis. There is also evidence that defendant was employed by a construction company as a painter from which it can be presumed that he was over the minimum employment age of 14. (Ill. Rev. Stat. 1975, ch. 48, par. 31.1) There are also repeated references in the record to "two men" who came to the house. We, therefore, conclude that the evidence was sufficient to prove that defendant was of the age of 14 and upward. Further, it appears from the record that the question of defendant's age was not raised in the trial of the case nor in the motion for a new trial by any specific reference and the defendant does not state on appeal that he was below the age of 14.

■■ Defendant further contends that the record does not prove defendant's guilt of all other elements of the crime charged beyond a reasonable doubt. We disagree. The complaining witness testified that on the morning of December 18, 1975 "[t]wo men" from the Parrish Construction Company came to do some painting. She identified one of the persons as the defendant. After being in the house for a short time both men left but shortly came back. When defendant returned he asked where he could wash his paint brush. The witness testified that she told him he could do this in the basement. At this time she went up the six stairs to her bedroom in the bilevel home. She told her two-year-old daughter who was lying on the bed to sit on the stairs and talk to the men. The two-year-old sat on the second or third stair from the bottom. The mother then went back into her bedroom to make the bed. The bedroom door was "completely closed but wasn't shut." The witness said she then heard defendant say "I am a bad boy." She said she heard him say it twice. She then came out of the bedroom and saw the defendant and her daughter. She testified that the defendant was at the floor level below the

last stair and that her daughter was sitting on the second stair. She said the defendant was approximately three feet from her daughter facing the child. The witness testified that she observed that the defendant's penis was "out of his pants." She stated that there was sufficient light in the area and that she observed the scene for 5 or 6 seconds from a distance of approximately 10 feet. The witness then testified that she "slammed in" her bedroom door and called the police.

On cross-examination the witness admitted that she had not told the police that defendant had exposed himself both to her and to her daughter. She also testified that she did not see the second man come back into the house.

The defendant's stepson, Dennis Boston, also an employee of the Parrish Construction Company testified that he and his stepfather brought a can of paint into the home to attempt to touch up a part of the living room ceiling. He said the paint did not match so he went out to the truck to get additional paint while his stepfather went to the basement to wash the paint brush. He saw the mother go upstairs. He said that both he and his stepfather returned to the entrance at the same time. He observed the little girl sitting on the steps. He did not observe defendant exposing himself. He heard defendant say to the little girl "I guess we are bad boys," and turning to him, "Dennis, we woke them up. I guess we are bad boys; huh?"

Defendant testified substantially to the same effect as had his stepson. He also said that Dennis came into the house just as he had emerged from the basement. He testified that he saw the little girl then for the first time. He said he asked her what her name was and that she was bashful and didn't answer. He said "Did we wake you up" and that the girl answered "Yes." He testified that he then said to her "I guess we are bad boys for waking you up" and repeated the same thing to Dennis who was at his side. He said he did not expose himself and he did not see the girl's mother after that time.

On cross-examination the defendant said that his son was touching up the ceiling in the living room but that the hallway enters into and is part of the living room.

In announcing his finding of defendant's guilt the court expressly noted that he believed that the stepson was painting the ceiling and did not have a view of the defendant at all times. He also found that the testimony of the complaining witness was clear and convincing and that there was no reason to believe that she was either hallucinating or had an ulterior motive to prosecute the defendant.

Since the record shows that the mother testified that she observed the defendant at a distance of approximately 10 feet for a period of time of five or six seconds the court's findings are not against the manifest weight

of the evidence. The conflict between the mother's testimony and that of the defendant and his stepson created an issue of credibility to be decided by the trier of the facts. The judgment is not against the manifest weight of the evidence. (See *People v. Padfield,* 16 Ill. App. 3d 1011, 1014 (1974).) We therefore affirm the judgment.

Affirmed.

RECHENMACHER, P. J., and NASH, J., concur.