THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL LEE LETT, Defendant-Appellant.

Fifth District   No. 76-496

Opinion filed May 12, 1978.

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, and Theodore A. Gottfried, of State Appellate Defender's Office, of Springfield, for appellant.

Brenda Sweeney, State's Attorney, of Taylorville (Bruce D. Irish and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Michael Lett, was charged in the circuit court of Jasper County with the offenses of murder, aggravated kidnapping, indecent liberties with a child, concealment of a homicidal death, felony theft and armed robbery. Upon a motion to change the place of trial, defendant was tried before a jury in the circuit court of Christian County following which he was found guilty as charged. From the judgments entered, defendant brings this appeal and contends that certain trial errors were committed and that the State failed to prove a material element of the offense of indecent liberties with a child.

On April 19, 1976, 12-year-old Cathy Jo Harris of Newton was murdered. At the trial of defendant, the State introduced evidence that on April 15, 1976, a brown, 1972 Dodge Dart bearing a yellow, New Jersey

license plate, AVJ958, was stolen from a parking lot in Elkhart, Indiana. Subsequently, on April 22, 1976, Collier County, Florida, Deputy Sheriff Larry Graham observed the Dart in Naples, Florida. Following a computer check of the license plate, he issued a radio broadcast to be on the lookout for the car. Later that day, Naples police officer William Gootee saw the automobile and arrested defendant who was driving it.

There was testimony that inside the trunk of the Dart an umbrella was found which had blood stains on it. Additionally, knife cuts were found on an armrest and on the seats within the car. Upon subsequent police interrogations of defendant, defendant confessed that he had stolen the car and that he had abducted Cathy Jo Harris, had robbed her and stabbed her. He also gave police directions and drew a map of where her body could be located.

There was also testimony by 13-year-old Tonoah French that on the morning of April 19, 1976, she had seen defendant in Olney. Pursuant to a motion in limine she was not permitted to testify further.

The mother and step-father of the victim testified that at around 5 p.m. on April 19, their daughter was sent to the grocery store where she was to purchase hamburger, onion, green pepper and cigarettes. They described her as wearing a white football jersey with the number 68 on it, blue jeans and blue sandals. Since it had been raining, she took an umbrella with her, which they stated was identical to that found in the trunk of the Dart.

Further evidence showed that the victim had gone shopping at the grocery store after which she was seen carrying a sack of groceries. Charles Gorrell, an employee at the store, stated that between 5:20 and 5:25 p.m. he last saw the Dodge Dart in question parked behind the store with its engine running. He had seen the car parked there every time he had stepped out of the store since 5 p.m., all of which totaled about five or six times.

Lawrence Jansen testified that shortly after 5:15 p.m. he observed the victim and a man walking in an alley behind his home.

Carol Ann Rohr then testified that at around the same time she saw the victim and a man walk up and down the alley behind her home apparently looking for something. She stated that Cathy Jo Harris was carrying an umbrella identical to that found in the Dart. They then entered what she described as a brown car with yellow license plates. Subsequently, from memory, she wrote down the license number as AVJ189. She stated that she had observed the two for around four minutes under overcast daylight conditions. She then identified defendant as the man she had seen with Harris that day.

Michael Cusimano testified that he was hitchhiking in Mount Vernon, south of Newton, on the evening of April 19, 1976, at which time he was picked up by defendant. Inside the car on the back seat, Cusimano

observed a sack of groceries which included an onion and a package of hamburger. He stated that defendant drove him all the way to Naples, Florida.

Illinois state trooper Donald Ziegler testified that on April 28, 1976, after following search instructions given him, he found the body of the deceased in a field. The evidence further showed that the jeans on the deceased were unzipped and that the breast area was exposed. Two photographic slides were shown depicting the body at the location it was discovered. A third photographic slide was shown of the body after it had been prepared for autopsy. This showed the upper torso of the body and stab wounds thereon.

A pathologist testified that the victim had died as a result of five stab wounds in the chest made with a sharp instrument. A vaginal examination showed the presence of sperm.

Blood analysis showed that the victim's blood type was A and defendant's blood type was O. A blood stain on defendant's watch was type A. Further, there was evidence that shoe prints found near the location of the body matched the size and shape of defendant's shoes.

Defendant presented no evidence.

On appeal defendant first contends that error was committed in the admission in evidence of certain testimony by Officer Gootee. On direct examination of Gootee by the State, it was disclosed that at the time of defendant's arrest he had stated to the police that he had escaped from a mental hospital. On cross-examination inquiry was made as to whether that statement had been verified. On redirect, the subject was continued and Gootee stated that it had been verified that defendant was an "escaped mental patient on a sex charge." No objection was raised to the reference to a sex charge nor was the issue included in defendant's post-trial motion. Citing *People v. Curry*, 25 Ill. App. 3d 637, 323 N.E.2d 778, defendant contends that the reference was improperly admitted as showing a propensity by him for committing sex-related offenses. In *Curry* however, an objection was raised by the defendant to the improper reference to pending charges against the defendant.

■■ It is well established that the failure to object to an alleged error during trial and to raise that error in a post-trial motion constitutes a waiver thereof and such may not then be urged as a ground for reversal on appeal. (*People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Irwin*, 32 Ill. 2d 441, 207 N.E.2d 76.) The purposes of this rule are: (1) to insure that the trial court is informed of possible errors so that the court has an opportunity to correct those errors; (2) to give the reviewing court the benefit of the judgment and observations of the trial court with regard to the issues raised on appeal; (3) to prevent a defendant from objecting to that in which he has acquiesced during the course of trial; (4) to

eliminate unnecessary reviews and reversals; and (5) to prevent the possibility of unlimited litigation. (*People v. Sweeny*, 57 Ill. App. 3d 879, 373 N.E.2d 663.) These considerations are all pertinent here. Having failed to properly preserve the issue, we deem defendant to have waived it. Nor do we find the application of the plain error rule (Ill. Rev. Stat. 1975, ch. 110A, par. 615) warranted under the circumstances of the instant case. Although the issue raised is a serious one, the reference was in fact an isolated one, unresponsive to the question asked, and occurring within a lengthy six-day trial wherein ample evidence was presented leaving no doubt as to the defendant's guilt of the crimes charged.

Defendant further contends that error was committed in the testimony of a detective that during the police investigation of the instant case, he had discussed with another police officer "the attempted abduction of a girl in Olney on the same morning as the disappearance of Cathy Jo Harris." In light of the testimony of Tonoah French that she had seen defendant on the morning of April 19, the inference could have been made by the jury that defendant had attempted to abduct French. Defendant argues that such was improper evidence of prior criminal conduct.

██  However, in this instance an objection was made by defendant to the testimony in question, the objection was sustained and the court ordered the testimony stricken from the record. Subsequently, the jury was admonished to disregard stricken testimony. Under the circumstances, we find that the quick action by the court relieved any substantial prejudice, preserved the fairness of the trial and cured any error arising from the testimony. *People v. Christy*, 43 Ill. App. 3d 1004, 358 N.E.2d 8; *People v. Crotty*, 44 Ill. App. 3d 413, 357 N.E.2d 1360.

Next, defendant alleges error in the admission in evidence of the three photographic slides of the victim. The argument presented is predicated on the gruesome nature of the photographs and on the offer made by defendant during trial to stipulate to the cause of death.

It has been held that, at the discretion of the trial court, photographs which are relevant to establish any fact in issue may be admitted in evidence even though they are gruesome in nature. (*People v. Speck*, 41 Ill. 2d 177, 242 N.E.2d 208, *sentence reversed*, 403 U.S. 946, 29 L. Ed. 2d 855, 91 S. Ct. 2279; *People v. Jenko*, 410 Ill. 478, 102 N.E.2d 783.) Moreover, the State is not bound to accept an offered stipulation to facts but has a right in a trial upon a plea of not guilty to introduce full proof of the crime charged. *People v. Speck; People v. Scheck*, 356 Ill. 56, 190 N.E. 108.

██  The three photographs were highly probative in establishing a number of material facts including the identity of the victim, the condition of the body, the nature and location of the wounds, the cause of

death, the evidence of sexual assault, the amount of force used, and the fact that blood had been shed by the victim. Accordingly, we cannot say that the trial court abused its discretion in admitting the photographs.

■■ Lastly, with regard to his conviction for indecent liberties with a child, defendant contends that the State failed to introduce sufficient evidence proving defendant's age at the time of the offense. To be guilty of the offense, under the statute, a defendant must have been "of the age of 17 years and upwards." (Ill. Rev. Stat. 1975, ch. 38, par. 11—4(a).) Thus, proof that the age of the accused is 17 years or older is a material element of the offense which must be established by the State. *Wistrand v. People*, 213 Ill. 72, 72 N.E. 748; *People v. D'Angelo*, 30 Ill. App. 3d 86, 333 N.E.2d 525.

In *D'Angelo*, the question presented to this court was whether the evidence was sufficient to prove the defendant was 17 years of age or upwards on the charge of indecedent liberties with a child. The record showed testimony by one witness describing the defendant as an "adult." Further, there was testimony by a police officer that the witness had given a description of the defendant as "a white male, 35 to 40 years old." Upon this evidence we held that there existed little doubt of the defendant's age as being over 17.

In *People v. Boston*, 52 Ill. App. 3d 18, 367 N.E.2d 383, the court found the following evidence sufficient to prove the defendant's age was 14 years or older, on a conviction for contributing to the sexual delinquency of a child: the defendant had a stepson; the defendant was employed by a construction company; and references were made in the record that "two men" had come to the victim's house. The court also noted that on appeal the defendant had not stated that he was in fact under the age of 14.

In the instant case, defendant does not dispute that he was 21 years of age at the time of the crime but rather at issue is whether the State presented at trial sufficient proof of his age to support the jury's verdict. The State's primary evidence of defendant's age consisted of the testimony of Officer Gootee who stated that following the arrest of defendant, defendant stated his date of birth to be "11/4/54."

■■ It has long been held that where a defendant's age is a part of the corpus delicti of a crime, an out-of-court admission or confession of age by the defendant, without corroboration, is insufficient proof of age. (*Wistrand v. People*, 213 Ill. 72, 72 N.E. 748; *People v. Rogers*, 415 Ill. 343, 114 N.E.2d 398.) Corroboratory evidence, however, need not be such as would independently establish age beyond a reasonable doubt but need only be such as would insure belief in the truth of the admission or confession, such as by testimony of witnesses fixing age based on the defendant's appearance. *Wistrand v. People; People v. Hubbard*, 38 Ill. 2d 104, 230 N.E.2d 220; Annot., 40 A.L.R. 460, 464 (1926).

■■ In the case at bar, we find that ample corroboratory evidence was presented supporting defendant's out-of-court admission of age. This included references to defendant by Carol Ann Rohr as a "man" who had walked up and down the alley with the victim at the time of her abduction. Further, FBI agent Wilbur Kincaid testified that at the time of the crime, Rohr described defendant as an individual "in his 20's." Evidence also showed that at the time of his arrest, defendant was in possession of a valid driver's license and a class ring showing that he had been a member of the class of 1972. Also, Michael Cusimano testified that during the drive to Florida, defendant stated that he had been in the Army for two years. All of this evidence was of probative value in supporting the conclusion that defendant was 21 years of age as he had admitted. After a careful review of the record, we find that the State presented sufficient evidence to prove defendant's age beyond a reasonable doubt.

For the foregoing reasons, the judgments entered by the circuit court of Christian County are affirmed.

Affirmed.

KARNS and McCALLISTER, JJ., concur.