THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CLINT DALTON, Defendant-Appellant.

Third District    No. 80-272

Opinion filed February 10, 1981.

BARRY, J., specially concurring.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The defendant, Clint Dalton, was indicted on three counts of indecent liberties with a child. Following a jury trial, the defendant was convicted on two of the three counts and was sentenced to two concurrent four-year terms of imprisonment.

Four issues are raised in this appeal: whether the defendant's convictions must be reversed since his age, an essential element of the offense of indecent liberties with a child, was shown only by an uncorroborated out-of-court statement; whether the trial court erred in overruling the defendant's objection to the police officer's testimony regarding the defendant's age on the grounds that *Miranda* warnings had not been given when the officer elicited from the defendant his date of birth; whether the trial court erred in denying the defendant's motion to suppress his statement to the police, following *Miranda* warnings on the grounds that the defendant's *Miranda* rights were violated; whether the trial judge properly used his discretion in determining whether the defendant's prior conviction for misdemeanor theft should be admitted to impeach him.

It will not be necessary to include a full recital of the facts underlying the defendant's convictions to properly address each of the issues raised. We shall present only those facts specifically relevant to a given issue.

The offense of indecent liberties with a child is defined by statute as follows:

> "Any person of the age of 17 years and upwards commits indecent liberties with a child when he or she performs or submits to any of the following acts with a child under the age of 16:
>
> * * *
>
> 2) Any act of deviate sexual conduct." Ill. Rev. Stat. 1979, ch. 38, par. 11—4(a).

■■ Because the age of the defendant is a material element of the offense of indecent liberties with a child, proof of the defendant's age must be established by the State. (*People v. Lett* (1978), 61 Ill. App. 3d 467, 378 N.E.2d 208.) A body of Illinois law has developed which reflects the fundamental principle that the *corpus delicti*, including proof of age where necessary, cannot be established by an extrajudicial verbal confession or admission alone. (See *People v. Rogers* (1953), 415 Ill. 343, 114 N.E.2d 398; *Wistrand v. People* (1904), 213 Ill. 72, 72 N.E. 748; and *People v. Lett* (1978), 61 Ill. App. 3d 467, 378 N.E.2d 208.) Corroboration of some form is necessary, although the corroborative evidence need not be such as would independently establish age beyond a reasonable doubt but need only be such as would ensure belief in the truth of the admission or confession. Such evidence may be found in the testimony of witnesses which tends to fix the defendant's age by his appearance. (*People v. Lett* (1978), 61 Ill. App. 3d 467, 378 N.E.2d 208; *People v. D'Angelo* (1975), 30 Ill. App. 3d 86, 333 N.E.2d 525.) In *People v. D'Angelo* the testimony of two witnesses describing the defendant as an "adult" and as "a white male 35 to 40 years old" was held to be substantial evidence of the defendant's age in an indecent-liberties-with-a-child case where the State presented no direct evidence of the defendant's age. (30 Ill. App. 3d 86, 90, 33 N.E.2d 525, 529.) In *People v. Lett* the corroborative testimony of two witnesses was used to support the defendant's out-of-court admission of age. (61 Ill. App. 3d 467, 473, 378 N.E.2d 208, 212.) In neither *Lett* nor *D'Angelo* did the defendant testify.

■■ In the case at bar the only evidence of the defendant's age presented by the State was the defendant's contested out-of-court statement to police officer Martha Childers regarding his date of birth. None of the witnesses attempted to establish the defendant's age, nor was a birth certificate introduced. Although the defendant did testify, his age (he celebrated his 20th birthday 3½ months before the trial) was so near the statutorily required 17 years or older that his appearance on the witness stand cannot be said to be a corroborating factor in establishing his age for members of the jury.

We have searched the record for other evidence of the defendant's age which might have corroborated his out-of-court statement, but having found none, we reluctantly conclude that the evidence of the defendant's age presented by the State was insufficient. In so concluding, we reject the State's arguments that the defendant has waived this issue on appeal by his failure to make any specific objections to it at trial or in post-trial proceedings and that a defendant's extrajudicial admission of age is sufficiently corroborated where there is independent evidence showing that a crime occurred.

■■ ■ Inadequate corroboration of out-of-court statements goes to the

sufficiency of the evidence and, as such, is reviewable under the plain-error doctrine even if not objected to in the trial court. Furthermore, in light of the rule concerning in-court corroboration of extrajudicial confessions and admissions regarding age, when age is an essential element of the offense charged, it is not sufficient for the State to show merely that a crime occurred.

The evidence of the defendant's age presented at trial was the testimony of Officer Martha Childers of the Peoria Police Department who talked with the defendant on February 25, 1980, at the Peoria police station, three days after the defendant's arrest on February 22, 1980. During their conversation the defendant gave his date of birth as January 1, 1960. On appeal the defendant contends that his statement to Officer Childers regarding his age should not have been admitted into evidence at trial, because the statement was elicited from him prior to the giving of *Miranda* warnings. (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.) In response the State argues in the alternative that there is uncertainty as to whether *Miranda* warnings had been given at the time of the defendant's statement concerning his date of birth, that *Miranda* warnings were unnecessary since the officer was merely securing background information, and that any error committed was harmless.

■■ Following a careful review of the record, we concur with the State's position that there is uncertainty as to whether *Miranda* warnings had been given at the time of the defendant's statement concerning his date of birth. On both direct and cross-examination the defendant testified that as soon as he entered the room to speak with Officer Childers, she read him his *Miranda* warnings. On direct examination Officer Childers stated that she read the defendant his *Miranda* rights prior to any conversation. However, on cross-examination, when asked specifically whether she conversed with the defendant prior to the reading of the *Miranda* warnings, Officer Childers indicated that she had asked him his name and age before reading him his rights. She could not recall whether she again asked the defendant his age or date of birth after reading him his *Miranda* warnings. From the testimony preserved in the record, we cannot determine with any degree of certainty whether the defendant's statement regarding his date of birth was elicited before or subsequent to the reading of the *Miranda* warnings. Given this uncertainty, we will interpret the record most favorably to the defendant and to the preservation of his constitutional rights. Accordingly, we determine that the admission of the information concerning the defendant's date of birth, in the form of Officer Childers' testimony, was erroneous.

It was clearly not harmless error since the age of the defendant was a vital element of the State's burden of proof. We also note that the eliciting of the defendant's date of birth by the police officer can hardly be

considered "background information" such as would be taken as a part of the booking process at the time of arrest, since the defendant had been arrested three days previously.

Because the only evidence of the defendant's age, an essential element of the charged offense, presented by the State was the erroneously admitted, uncorroborated out-of-court statement of the defendant to Officer Childers regarding his date of birth, we conclude that the defendant's conviction must be reversed.

■■ Remandment for a new trial is precluded by the double jeopardy clause where the evidence adduced at trial was insufficient to sustain the defendant's conviction. (*People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366.) Because a reversal of the defendant's conviction is mandated, we need not address the remaining issues raised by the defendant in this appeal. The judgment of the Circuit Court of Peoria County is reversed.

Reversed.

SCOTT, J., concurs.

Mr. JUSTICE BARRY, specially concurring:

I agree that the State's evidence was insufficient to establish defendant's age and that age was an essential element of the crime charged under the rule of law long recognized by Illinois courts. However, I do not agree that defendant's constitutional rights were violated by the interrogating officer.

The evidence was conflicting as to whether defendant told Officer Childers his age before or after he was given *Miranda* warnings. The trial court overruled defendant's objection based upon the ground that he was asked his age before he was given the required warnings. The court's ruling obviously involved a factual determination that the evidence that defendant gave his age after he received the warnings was more credible than the evidence to the contrary. This factual determination turned upon the trial court's interpretation of Officer Childers' somewhat confusing testimony. First she stated that she gave the warnings before asking any questions. Then she said she asked his name and age before giving the warnings. Finally, she said she could not recall.

Recognizing that the trial court was in a position superior to ours for judging this testimony, I would not say that defendant's admission as to his age was erroneously admitted into evidence.

Therefore, while I concur in the result reached by the majority, I do not join in ruling that the trial court erred in admitting Officer Childers' testimony as to defendant's age.