In re R.K.K., a Minor.—(The People of the State of Illinois, Petitioner-Appellee, *v.* R.K.K., Respondent-Appellant.)

Third District   No. 82—546

Opinion filed March 4, 1983.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Patricia Hartmann, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The respondent, R.K.K., a minor, was charged in a delinquency petition in the circuit court of Peoria County with attempted rape, burglary and battery. (Ill. Rev. Stat. 1981, ch. 38, pars. 8—4(a), 11—1(a), 19—1(a), 12—3(a)(2), respectively.) During the adjudicatory hearing held on April 15, 1982, 70-year-old Margaret Voelker testified on behalf of the State. She stated that she was sitting on her front porch at about 6 p.m. on March 30, 1982, when she observed the minor riding his bicycle. Shortly after seeing the minor, Voelker said someone grabbed her from behind. As she was spun around by her assailant, Voelker saw that it was the minor holding her. He told her that he wanted to "screw" her and began pushing her into her house. The minor shoved Voelker through the front doorway and up against a table near the door. Voelker said that the minor then pulled out his penis. She began to scream and call for her neighbor. The minor then backed out of the doorway and told Voelker that he would be back that night to "screw" her.

The next witness called by the State was Peoria Police Officer Phillip Korem. He testified that he interviewed an individual named R.K. at about 8:10 p.m. on March 30, 1982, in the Peoria Police Department. Prior to advising the minor of his *Miranda* rights, Korem asked him his date of birth. From the date given, Korem testified that the minor was 15 years old.

Korem said that he read the minor his *Miranda* rights, and he agreed to talk to Korem. At first, the minor denied any knowledge of the incident involving Voelker. However, he subsequently admitted to Korem that he had grabbed Voelker and asked her if she would "screw" him. The minor did state that he pulled his penis out of his pants.

After the State rested, the minor moved for a directed finding of not guilty on all charges based on several grounds. First, the minor argued that although the State had proved that the alleged offenses had occurred in Peoria, Peoria County, it had failed to establish that the crimes occurred in Illinois. Second, Officer Korem did not identify the person he interviewed to be R.K.K. Third, with respect to the attempted rape charge, the minor claimed that the State's evidence was insufficient to prove that R.K.K. was of the age of 14 years and upwards, an essential element of the offense. Relying upon *People v. Dalton* (1981), 93 Ill. App. 3d 264, 417 N.E.2d 197, *rev'd* (1982), 91 Ill. 2d 22, 434 N.E.2d 1127, the minor argued that his age had been obtained prior to the time he was advised of his *Miranda* rights, and therefore, was tainted evidence. He also claimed that proof of his age could not be established solely by his extrajudicial admission, but that further corroboration, which was lacking, was needed.

After hearing the arguments of counsel, the trial court commented upon *Dalton* in relation to the case before it. The court noted that the out-of-court statement made by the minor concerning his age was not corroborated by any other evidence. It pointed out that under *Dalton* the court could not rely on the minor's appearance to corroborate his age because whether the minor was 15 years old or 14 years old was too close to distinguish a difference by his appearance. Also, the court found that since age was an element of the offense of attempted rape, it must be obtained subsequent to *Miranda* rights. The minor's motion for a directed finding of not guilty was granted.

On April 29, 1982, a hearing was held on the State's motion to vacate the order of April 15, 1982, and re-open the case to conduct a proper suppression hearing. The State argued in its motion that the minor's motion for a directed finding at the hearing was, in practical and legal effect, an oral motion to suppress. Since the minor had ade-

quate time to file a timely written motion to suppress prior to the hearing, he waived objection to admission of the evidence. The motion also stated that *People v. Dalton* (1981), 93 Ill. App. 3d 264, 417 N.E.2d 197, had been overruled by the Illinois Supreme Court on April 16, 1982, and was no longer controlling. *People v. Dalton* (1982), 91 Ill. 2d 22, 434 N.E.2d 1127.

The trial court discussed the situation it was presented with and noted that there were three issues involved: the evidence of age acquired prior to *Miranda* warnings; the lack of corroboration of the age of the minor; and, the failure to establish jurisdiction in the State of Illinois. The court stated that even if the minor's motion for a directed finding was viewed as a motion to suppress on the pre-*Miranda* age evidence, the other two issues remained. It said that a motion to suppress would not address the corroboration or jurisdiction issue. The trial court refused to take judicial notice that Peoria County was in the State of Illinois.

The court then concluded that *People v. Dalton* (1982), 91 Ill. 2d 22, 434 N.E.2d 1127, no longer required *Miranda* warnings prior to obtaining the age of the minor. It found that *Dalton* changed the law on the corroboration issue as well. Having found the law changed within 30 days of its order of a directed finding for the minor, the trial court claimed to have jurisdiction to reconsider its ruling. It vacated its order of dismissal and re-opened the case to allow the State to put in evidence of jurisdiction.

A hearing was held on May 6, 1982, in which the State presented the testimony of Margaret Voelker to establish that the alleged offenses occurred in Illinois. The minor did not present any evidence. The trial court found the minor guilty of all charges. He was subsequently sentenced to probation for a period of two years.

On appeal the minor raises one issue. He claims that he was placed in double jeopardy when the trial court vacated its directed finding of not guilty and re-opened the case.

The State argues that the substantive, legal effect of the order was a suppression of evidence. The order was not a judgment of acquittal, but an order of suppression and so the minor was not placed in double jeopardy. By allowing what was in effect a motion to suppress, the trial court denied the State its right to appeal an order of suppression. Had the State appealed, it would have prevailed since the basis of the court's ruling, *People v. Dalton* (1981), 93 Ill. App. 3d 264, 417 N.E.2d 197, was overturned in *People v. Dalton* (1982), 91 Ill. 2d 22, 434 N.E.2d 1127.

As to the problem of jurisdiction, the State argues that it was not

necessary to re-open the case to establish jurisdiction. The trial court erred in failing to take judicial notice that Peoria County was in the State of Illinois.

The trial court granted the minor's motion for a directed finding of not guilty and an order to that effect was entered on April 15, 1982. On appeal the State argues that this order was legally an order of suppression. Its argument fails, however, for three reasons.

■■ First, the order was entered on the grounds that the State had failed to prove all the elements of the offense of attempted rape. This finding was based not only on the exclusion of the evidence of the minor's age because of a *Miranda* violation but also because the State had failed to present any corroborative evidence of age. The lack of corroboration was a separate and distinct reason for granting the minor's motion which would not have been cured by a suppression hearing.

At the time the court entered its order, corroboration was necessary under the law at that time. (*People v. Dalton* (1981), 93 Ill. App. 3d 264, 417 N.E.2d 197, *rev'd* (1982), 91 Ill. 2d 22, 434 N.E.2d 1127.) Although a supreme court decision the following day changed the law (*People v. Dalton* (1982), 91 Ill. 2d 22, 434 N.E.2d 1127), the trial court could no longer vacate its order of acquittal. The fact that the State moved within 30 days of the order to vacate it has no effect. The minor's motion for a directed finding is decisive, and the court's attempt to vacate the order is a nullity. *People v. Hutchinson* (1975), 26 Ill. App. 3d 368, 325 N.E.2d 115.

The case at bar is similar to *In re L.R.* (1982), 106 Ill. App. 3d 244, 435 N.E.2d 908, and *People v. Hutchinson* (1975), 26 Ill. App. 3d 368, 325 N.E.2d 115. In those cases a directed verdict was entered based on the trial court's incorrect understanding of the law. The attempt to correct the mistake of law by vacating its order or rescission was rejected in both instances on appeal. The directed verdicts were final judgments.

The legal effect of a directed verdict bars, under the principles of double jeopardy, the vacation or reversal of the verdict. (*In re L.R.* (1982), 106 Ill. App. 3d 244, 435 N.E.2d 908.) The same principle applies to a directed finding of not guilty. The minor in the instant case was acquitted under an interpretation of law which was correct at that time. Although that interpretation proved erroneous at a later time, the minor should not be held accountable for the change.

■ Second, the State's argument characterizing the order of not guilty as a suppression order does not cure the error below. At the time the trial court entered its finding, the State made no attempt to

move for an interlocutory appeal. While part of the court's finding of not guilty had the effect of suppressing evidence, the court's failure to exercise its duty to terminate the hearing at that time was not error because the State waived its right to an interlocutory appeal. (*People v. Young* (1978), 60 Ill. App. 3d 49, 376 N.E.2d 712.) The State did not raise its suppression order argument until after the order of not guilty was entered. Indeed, it did not bring the issue to the court's attention until after the supreme court decision in *People v. Dalton* (1982), 91 Ill. 2d 22, 434 N.E.2d 1127, when it was too late.

█ Finally, the order of acquittal was based on the fact that the State had failed to prove the offenses occurred in Illinois. The court refused to take judicial notice that Peoria County was in Illinois. Whether this decision was erroneous does not effect the order, since the directed finding was decisive. (*People v. Hutchinson* (1975), 26 Ill. App. 3d 368, 325 N.E.2d 115.) A hearing on the suppression issue would not have cured the jurisdictional problem.

█ The order of acquittal was final, and the trial court could no longer vacate its order because of a subsequent change in the law. We reject the State's argument that double jeopardy does not bar retrial. The minor was acquitted, and the effect of the order vacating the directed finding and re-opening the case was tantamount to retrial in this case.

Therefore, the judgment of the circuit court of Peoria County is reversed.

Reversed.

BARRY and SCOTT, JJ., concur.