THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WAYNE STANLEY KING, Defendant-Appellant—(THE PEOPLE *ex rel.* WAYNE STANLEY KING, Plaintiff-Appellant, *v.* DAVID DE DONCKER *et al.,* Defendants-Appellees.)

(Nos. 73-226, 73-227;

Third District—March 29, 1974.

Franklin Wallace, of Rock Island, for appellant.

David De Doncker, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

An indictment was returned by the grand jury of Rock Island County charging the defendant, Wayne Stanley King, in four counts with the commission of four felonies arising from a series of related incidents. Defendant King was charged with the attempted murder of the tavern owner (Beauchamp, Count III) and bartender (Peterson, Count II). As he left the tavern he pistol-whipped a woman on the street and was charged with aggravated battery (Randolph, Count IV). When a police car arrived, the defendant ran to his car, secured a shotgun and fired at and hit the police officer resulting in a charge of attempted murder (Bryant, Count I). Defendant King raised the defense of insanity. Both the State and defense presented psychiatric evidence. The jury was charged on the issue of insanity by I.P.I. instructions. The jury returned verdicts of "Guilty" as to Counts I and II; "Not Guilty" as to Count III; and "Not Guilty by Reason of Insanity. Recovered." as to Count IV. The trial judge believing such verdicts to be inconsistent directed the jurors to retire and try to return consistent verdicts. After further deliberations they were unable to do so at which point the court on its own motion declared a mistrial on all counts.

Thereafter, by written motion, the defendant requested the trial court to enter judgments of acquittal pursuant to the verdicts returned by the jury on Counts III and IV. It should be noted that these are the counts with respect to which the verdicts were not guilty and not guilty by reason of insanity respectively. It also appears the defendant filed separate petitions for a writ of mandamus and a writ of prohibition seeking essentially to accomplish the same purpose. The trial court denied defendant's motion to enter judgment on the acquittal verdicts and also denied the petitions for writs of mandamus and prohibition. How-

ever, pursuant to defendant's motion, any action on Counts III and IV was stayed by the trial court pending disposition of this appeal.

Although the question may not be free from doubt, the parties have concluded that the action of the trial court in declaring a mistrial on Counts III and IV and in denying defendant's motion to enter judgment of acquittal thereon is appealable. The procedural situation confronting the trial court, the parties and this court on review is unique although both parties believed that our review of the trial court's action is desirable and will promote the ends of justice. We believe it appropriate to review the controversy and consider the trial court's refusal to enter judgment on Counts III and IV in accord with the verdicts of the jury as an equivalent of a final judgment. Accordingly, we do not feel it necessary to consider this controversy from the standpoint of the procedural problems associated with writs of prohibition and mandamus.

On this appeal a narrow question is presented: namely, whether the trial court's action in declaring a mistrial on Counts III and IV was proper. It is conceded the trial court declared a mistrial on all counts after the verdicts had been returned by the jury and it is also undisputed that his action was based on his belief the verdicts were inconsistent.

No cases have been called to our attention directly related to this issue, although there are numerous cases which have discussed and analyzed the problems incident to the rational incompatability of verdicts usually referred to as inconsistent verdicts. See *People v. Pearson,* 16 Ill.App.3d 543, 306 N.E.2d 539, and also one of the more recent annotations on the subject, analyzing and discussing many cases, in 18 A.L.R.3d 259. Nevertheless, the question before us is not whether the verdicts entered on Counts III and IV are inconsistent but whether once verdicts of acquittal have been returned by the jury, their legal affect can be destroyed or obviated by declaring a mistrial which both deprives the defendant of the benefit of the jury's determination and subjects him to further prosecution. In this connection it should be noted that in this case the jury affirmatively found the defendant not guilty on Counts III and IV even though the effect would have been the same had the jury merely failed to return any verdicts on such counts. 80 A.L.R. 1106.

Section 2—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 2—1) defines acquittal as "* * * a verdict or finding of not guilty, * * * of an offense, rendered by a legally constituted jury * * *". According to section 3—4(a)1 of the Code (Ill. Rev. Stat. 1971, ch. 38, par. 3—4(a)1); "A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution: (1) Resulted in * * * an acquittal * * *." As is stated in the committee comments to the foregoing sec-

tion, "An 'acquittal' occurs when the trier of facts * * * the jury, or the court when a jury is waived * * * renders a verdict of finding of not guilty. Whether a judgment of acquittal is or is not entered subsequently is immaterial * * *". There is no question but that the jury in this case was legally constituted and that it duly returned its verdicts that defendant was not guilty of the offenses charged in Counts III and IV.

■■ The only cases cited by the People in support of the court's action is *Illinois v. Somerville*, 410 U.S. 458, 35 L.Ed.2d 425, 93 S.Ct. 1066, which in effect approved the declaration of a mistrial in a prior case or perhaps more precisely held that the prior proceeding which resulted in the mistrial did not constitute a bar to a subsequent proceeding on the theory of double jeopardy. Generally speaking, the People suggest that a mistrial is appropriate because required by "manifest necessity" or "ends of public justice". This doctrine is certainly the basis for the *Somerville* opinion. However, a review of the opinion indicates that the court is concerned with discontinuing a trial before a verdict is reached and is careful to limit its observations and references to prior opinions to those cases in which the mistrial and the conduct which caused mistrial occurred before any verdict was reached. We conclude that by necessary implication, neither any end of public justice nor manifest necessity would or should authorize the declaration of a mistrial after a verdict of acquittal has been returned by a jury.

■■ Whatever application the rules relating to inconsistent verdicts may have to this case generally do not authorize a declaration of a mistrial on charges of which a defendant is acquitted. Although we make no determination of whether the verdicts on Counts III and IV are or are not consistent with the verdicts of guilty rendered on Counts I and II, it is our conclusion that the doctrine of inconsistent verdicts is appropriately considered only in connection with verdicts rendered on Counts I and II.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is reversed and remanded with directions that the order declaring a mistrial on Counts III and IV be vacated and judgment of acquittal be entered on such counts pursuant to the verdicts of the jury.

Judgment reversed and remanded with directions.

ALLOY and DIXON, JJ., concur.