THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ARDELL HUNTER, Defendant-Appellant.

First District (1st Division)   No. 77-1907

Opinion filed March 26, 1979.

Ralph Ruebner, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, Ardell Hunter, was charged by indictment with the crime of robbery. After a bench trial, the trial court found the defendant guilty as charged and sentenced him to five months probation. Defendant now appeals and contends that he was not proved guilty beyond a reasonable doubt, nor was the evidence sufficient to establish his accountability for the crime.

We affirm.

The complaining witness, Henry Snider, a self-employed peddler, testified that in the afternoon of July 15, 1976, he was peddling cap pistols, pens, cigarette lighters and other items in the vicinity of North Avenue and Laramie Street in Chicago. He noticed the defendant sitting in a car with two other men and spoke to each of the defendant's companions concerning the merchandise he was selling. After both men indicated a lack of interest, Snider walked away. The defendant and his companions followed Snider and, as Snider approached a pizza parlor, the defendant and one of his companions approached Snider. The defendant asked Snider what he was selling. After Snider described his merchandise, the defendant asked to see a cap pistol. Snider indicated the cap pistol was priced at $3 and defendant responded, "I don't have to pay anything if I don't want to." When Snider asked the defendant to return the cap pistol defendant's companion shoved Snider and grabbed his display case. The two men ran to the car where the third man was waiting and they sped away. As the three men drove off, a man exited the pizza parlor and fired a gun at the auto as it sped away. At this point, a man in a van parked nearby handed Snider a slip of paper with the license number of the getaway car.

Also called by the State to testify was Officer Thorne, the arresting officer, who testified that he received a radio call concerning a robbery together with a description of the getaway vehicle and its license number. He spotted and stopped the vehicle in the vicinity of Lake and Laramie Streets in Chicago. Officer Thorne identified the defendant in court as occupying the passenger seat in the automobile. He also observed in the back seat of the auto a brown case containing assorted trinkets. Officer Thorne escorted the men to the police station where they saw Mr. Snider, the complaining witness. Officer Thorne testified that Mr. Snider stated when he saw the men, "That is one of the guys who robbed me."

The defendant, testifying at trial in his own behalf, indicated that his brother and a friend picked him up after work and that they proceeded to a gas station where his brother and friend spoke to Snider. After Snider had left, the defendant asked them what Snider was selling. Because the defendant wanted to purchase a cap pistol for his son, the defendant and his companions drove down the street, parked the car, and approached Snider. The defendant asked Snider about the price of the cap pistol. When Snider indicated the cap pistol would cost $4, the defendant responded that $4 was too much and that he did not have to pay that much. The defendant testified that he was attempting to bargain down the price. During this conversation, the defendant saw a man looking through the window from inside the pizzeria.

As the defendant was trying to bargain down the price, his companion, to the defendant's surprise, pushed Snider, grabbed his

display case, and ran toward the car. After standing there for a moment, the defendant ran also. He looked back and noticed a man in the pizzeria holding a gun. Upon seeing the man with the gun, he jumped into the auto. As he drove away, he heard a shot strike the car.

Officer Russell Weingart testified for the defense that on July 15, 1976, he conducted an investigatory interview with Snider. Officer Weingart's best recollection of what Snider told him was that Snider had been robbed by two people, that one of the assailants pushed him down, and that the other took his case. Officer Weingart further indicated that there may have been a misprint in his police report as to which acts were performed by the defendant and which were performed by defendant's companion.

An offer of proof was made by the defense that Ardell Hunter's brother was prepared to testify that he was sitting in the car, that his brother got out to see what the peddler was selling, and that at no time did a conversation take place regarding engaging the peddler in conversation or knocking over his case. The offer of proof was accepted over the State's objection.

■■ Defendant contends that he was not found guilty of robbery beyond a reasonable doubt and that the evidence was insufficient to establish accountability. Section 5—2(c) of the Illinois Criminal Code provides that a person is legally accountable for the conduct of another under the following circumstances:

> "Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." (Ill. Rev. Stat. 1977, ch. 38, par. 5—2(c).)

In order to establish accountability, the State must prove that the accused solicited, aided, abetted, agreed or attempted to aid another person in the planning or commission of the offense, that such participation occurred either before or during the commission of the offense, and that such participation was with the concurrent, specific intent to promote or facilitate the commission of the offense. *People v. Tomer* (1973), 15 Ill. App. 3d 309, 304 N.E.2d 129.

Defendant correctly contends that mere presence at the scene of a crime together with flight from the scene of the crime are insufficient to establish accountability. (*In re Woods* (1974), 20 Ill. App. 3d 641, 314 N.E.2d 606.) However, proof of a common design need not be supported by words of agreement but can be drawn from the circumstances surrounding the commission of the act, and proof that a person was present at the commission of a crime without disapproving or opposing it may be considered with the other circumstances. (*People v. Morris* (1977), 49 Ill. App. 3d 369, 364 N.E.2d 377.) Moreover, defendant's silence

during a robbery by another does not negate the presence of a common design. (*People v. Hunter* (1976), 42 Ill. App. 3d 947, 356 N.E.2d 822.) Additionally, as stated in *People v. Cole* (1977), 50 Ill. App. 3d 133, 142, 365 N.E.2d 133, 139-40:

> "Mere presence at the scene of the crime or negative acquiescence in another's actions is insufficient to make a defendant accountable, but one may aid and abet without actively participating in the overt act. (*People v. Nugara*, 39 Ill. 2d 482, 236 N.E.2d 693; *People v. Morgan*, 39 Ill. App. 3d 588, 350 N.E.2d 27.) * * * Even in the absence of any evidence that defendant committed an overt act, the trier of fact could still have found him accountable for the actions of his co-defendants where uncontradicted evidence established his continued close affiliation with his co-defendants and his failure to report the incident or even to confide in anyone about it. This was evidence that defendant shared the common purpose of the group and was sufficient to sustain his conviction for the acts of the group. *People v. Johnson*, 35 Ill. 2d 624, 221 N.E.2d 662."

■ After reviewing the testimony concerning the circumstances surrounding the robbery, we conclude that the evidence presents no reasonable doubt of defendant's guilt. Contrary to defendant's assertions, the evidence showed substantially more than defendant's presence at the scene of the robbery. We initially note that defendant did not simply happen upon the scene of the robbery. Instead, the defendant arrived with his companions at the gas station where the peddler first approached defendant's companions. The defendant was also in the car with his companions when they followed the peddler down the street. Moreover, the defendant was present during the commission of the robbery and did not disapprove or oppose the robbery. He did not report the incident or confide in anyone about it. Additionally, and most importantly, the peddler testified that when the defendant approached him on the sidewalk immediately prior to the robbery, the defendant stated, "I don't have to pay anything [for the cap pistol] if I don't want to." We believe this statement is a clear indication that the defendant was aware that a robbery would take place and was an accomplice to that crime. Considering all of the above evidence and circumstances surrounding the robbery, we conclude that the evidence shows no reasonable doubt of defendant's guilt and is sufficient to establish accountability.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.