THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ARTHUR JONES, Defendant-Appellee.

Third District   No. 78-289

Opinion filed August 31, 1979.

John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of Ottawa, for the People.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellee.

946

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant, Arthur Jones, was charged by indictment with two counts of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, pars. 1401(a)(2), (d)). During the State's presentation of evidence at trial, it was revealed that an undercover police officer perjured himself while testifying before the grand jury which returned the indictment. At this time Jones and a co-defendant, John Clauser, moved for judgments for acquittal based upon the false grand jury testimony. The court granted the defendants' motion, but instead of ordering an acquittal dismissed the defendants' indictments. Subsequently, the State reindicted both Jones and Clauser, and both defendants moved to dismiss the indictments on the grounds that reprosecution was barred by double jeopardy. The trial court, after hearing arguments on the motions, granted Jones' motion, but denied the motion of Clauser. On appeal, this court recently affirmed the trial court's denial of Clauser's motion to dismiss (*People v. Clauser* (1979), 73 Ill. App. 3d 145, 391 N.E.2d 793). In this appeal by the State, we deal with the propriety of the trial court's granting of Jones' motion.

■■■ The reprosecution of a criminal defendant is prohibited on specific statutory grounds set out in section 3—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—4(a)):

"(a) A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction; or

(2) Was terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact or legal proposition necessary to a conviction in the subsequent prosecution; or

(3) Was terminated improperly after the jury was impaneled and sworn or, in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts, or after a plea of guilty was accepted by the court.

A conviction of an included offense is an acquittal of the offense charged."

It is the defendant's contention that his reprosecution is prohibited under either section 3—4(a)(1) or section 3—4(a)(3). The defendant first claims that despite the fact the trial court dismissed the original indictment against Jones (on the grounds of false grand jury testimony), the trial court's actions, in response to defendants' motion for acquittal,

constituted an acquittal and thus reindictment is barred under section 3—4(a)(1). It is true that in a handwritten order dated July 13, 1977, the court stated "It is hereby ordered that the motions of the defendants be and same are hereby granted * * *." But the defendant ignores the order of August 8, 1977, which vacated the July 13 order, denied the motions for acquittal and dismissed the indictment. Given the order of August 8, we fail to see any merit in defendant's argument that there was an acquittal. Even if there had been no subsequent order vacating the order granting defendant's motion for acquittal, we would hold the defendant not acquitted, as the substantive effect of the order was a dismissal of the indictment. " '[T]he trial judge's characterization of his own action cannot control the classification of the action.' " (*United States v. Scott* (1978), 437 U.S. 82, 96, 57 L. Ed. 2d 65, 77, 98 S. Ct. 2187, 2196.) As the United States Supreme Cout further said in *Scott*, quoting from *United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 571, 51 L. Ed. 2d 642, 651, 97 S. Ct. 1349, 1355, "a defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.' " (437 U.S. 82, 97, 57 L. Ed. 2d 65, 78, 98 S. Ct. 2187, 2196-97.) The order of the trial court in dismissing the indictment in no way represented a "resolution of any of the factual elements of the offense charged," and was therefore not tantamount to an acquittal.

The defendant's second contention is that the termination of the original trial was not manifestly necessary, and as a consequence the trial was terminated improperly. A criminal proceeding terminated improperly bars reprosecution under section 3—4(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—4(a)(3)). Various cases have held the termination of a trial, most often by a declaration of a mistrial, to be improper unless the termination was manifestly necessary or required by the interests of public justice. (See, *e.g.*, *Illinois v. Sommerville* (1973), 410 U.S. 458, 35 L. Ed 2d 425, 93 S. Ct. 1066; *People v. Laws* (1963), 29 Ill. 2d 221, 193 N.E.2d 806; *People v. Phillips* (1975), 29 Ill. App. 3d 529, 331 N.E.2d 163.) On this point, the United States Supreme Court in *Sommerville* said:

> "A trial judge properly exercises his discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial. *If an error would make reversal on appeal a certainty*, it would not serve 'the ends of public justice' to require that the Government proceed with its proof when, if it succeeded before the jury, it would automatically be stripped of that success by an appellate court."

(Emphasis added.) (410 U.S. 458, 464, 35 L. Ed. 2d 425, 431, 93 S. Ct. 1066, 1070.)

The defendant takes the position that the error caused in founding the indictment upon false grand jury testimony would not make "reversal on appeal a certainty" because, by failing to affirmatively request dismissal of the indictment on the grounds of perjured testimony, he is precluded from raising the issue on appeal or by collateral attack. As a consequence, reversal of Jones' conviction would not be automatic, the dismissal of the indictment terminated the trial improperly, and reprosecution is barred by section 3—4(a)(3). Alternatively, the defendant argues that the termination of the trial was improper because the false testimony of the undercover officer did not bear directly on the issue of Jones' guilt (as opposed to Clauser).

A determination of the issue of improper termination of the trial is unnecessary in light of the recent Supreme Court case of *United States v. Scott.* In *Scott,* the defendant moved to dismiss two counts of a three-count Federal indictment for distribution of narcotics. After the close of all the evidence, the trial court granted defendant's motion. The government appealed, and the Court of Appeals for the Sixth Circuit, relying upon *United States v. Jenkins* (1975), 420 U.S. 358, 43 L. Ed. 2d 250, 95 S. Ct. 1006, dismissed the appeal on the grounds that the double jeopardy clause barred reprosecution.

On appeal, the Supreme Court reversed the court of appeals and overruled *Jenkins.* The court stated, "We think * * * the defendant, by deliberately choosing to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause if the Government is permitted to appeal from such a ruling of the trial court in favor of the defendant." 437 U.S. 82, 98-99, 57 L. Ed. 2d 65, 79, 98 S. Ct. 2187, 2197-98.

In our recent case involving Jones' co-defendant, John Clauser, we relied upon *Scott* in affirming the trial court's denial of Clauser's motion to dismiss the indictment on double jeopardy grounds. Applying *Scott,* we found that the dismissal of the original indictment was based on nonfactual grounds, *i.e.,* perjured grand jury testimony. We further found that it was clear from the record that defendant's first trial was terminated at his request. On the basis of these factors, we held that under *Scott* reindictment was permissible.

The case at bar is in virtually all respects indistinguishable from *Clauser.* The mere fact that the perjured grand jury testimony did not have a direct bearing on the guilt or innocence of Jones (which was not the case in *Clauser*) does not convince us that the results of the two cases should be different. What we have before us is a mid-trial termination of

criminal proceedings, initiated by the defendant and based upon facts unrelated to the accused's guilt or innocence. Under *Scott* and *Clauser*, such a termination, unless tantamount to an acquittal, does not preclude reindictment of defendant for the same offense on double jeopardy grounds. Because we have found that the termination of Jones' trial did not constitute an acquittal, reindictment of defendant was permissible, and his motion to dismiss the second indictment should have been denied.

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is reversed and remanded.

Judgment reversed and remanded.

STOUDER, P. J., and STENGEL, J., concur.