The People of the State of Illinois, Plaintiff-Appellee, *v.* Michael E. Hutchinson, Defendant-Appellant.

(No. 73-209;

Second District (1st Division)—March 21, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Louis A. Bianchi, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant herein was charged with the offense of aggravated kidnapping, in violation of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 10—2(a)(2).) At a jury trial he was found guilty and sentenced to 4-8 years in the Illinois State Penitentiary.

The defendant appeals and contends that he was placed in double jeopardy when the trial court rescinded a directed verdict of acquittal which the trial judge had granted at the close of the State's case.

In May, 1972, a Mrs. Burke and her three children and a Mrs. Kellen and her three children went to a park in McHenry County. After a short time two of the children told their mothers that a man had taken John Burke into the woods. The police were called and the park was searched. In about 45 minutes the boy, John, came out of the woods and said that a man had led him through the woods while holding him by the mouth and the neck. The police continued looking throughout the woods and finally a part-time policeman, who was picnicking with his family, saw a man come out of the woods who matched the description that the children had given. Anderson, the part-time policeman, stopped the man and held him by the left arm. The defendant broke away and ran.

Anderson tackled him and held him for the police. The child, John Burke, 9 years of age, testified at the trial that the defendant herein was the man who took him into the woods and made him take his clothes off.

As indicated above, at the conclusion of the State's case defense counsel moved for a directed verdict on the ground that the State had failed to prove "lack of consent" as an element in the case. The court then stated:

> "It would appear to the Court, again, relying on *People versus Marin,* an essential element of the case is missing; that the People have rested. This is being tested on a motion for a directed verdict. The motion will be granted. The defendant is discharged."

The State moved to reopen its proofs and moved for a continuance. The motion to reopen was denied but the motion for continuance was granted until the following day. On the following day the court admitted that it was in error in requiring proof of lack of consent in the case of a minor under the age of 13 years and made the following statement:

> "So, contrary to my decision of yesterday and upon further consideration, it is the court's opinion that it was incorrect in its ruling and will vacate its oral order of yesterday granting the motion, and in its place deny the motion."

In the meantime, based upon the court's order for a directed verdict, the defendant had filed a petition for writ of habeas corpus. At the time of the entry of the order rescinding the directed verdict, the trial court denied the petition for writ of habeas corpus.

The record discloses a memorandum order on November 16, 1972, was entered of record as follows:

> "Whereupon Defendant moves the Court at close of State's case for directed verdict. And the Court hearing counsel in support of said motion as well as in opposition thereto and being fully advised in the premises, grants said motion."

The motion and memorandum order, entered the following day, reads as follows:

> "Whereupon the State moves the court to continue and reconsider ruling on motion for directed verdict at close of State's case. Memorandum received and filed. And the Court hearing counsel in support of said motion as well as in opposition thereto and being fully advised in the premises, allows said motion and vacates order of November 16, 1972. It is further ordered by the court that the motion for directed verdict at close of State's case be and it is hereby denied."

The sole question presented, therefore, is whether the court, having

entered a memorandum order directing a verdict in favor of the defendant, may rescind such order the following day, the jury not having been discharged. The court, obviously, was in error in directing a verdict on the basis that lack of parental consent was necessary in the proof of an aggravated kidnapping of a minor child under the age of 13 years. See *People v. Williams* (1972), 52 Ill.2d 455, 288 N.E.2d 406.

In support of defendant's contention that a directed verdict of not guilty, made at the close of the People's case, could not subsequently be rescinded on the request of the State prior to the discharge of the jury, defendant has cited *People v. Gallas* (1966), 77 Ill.App.2d 132, 221 N.E.2d 782. In *Gallas* an almost identical situation is found. There the trial court, at the conclusion of the State's case, upon motion for a directed verdict, stated: "As to the first count I am directing that one out." (77 Ill.App.2d 132, 135, 221 N.E.2d 782, 784.) A memorandum order was entered reflecting the action of the court. The next day the court entered the following order, in pertinent part:

> "* * * doth order that the order heretofore entered in this cause on April 8th, 1965, allowing each defendants Motion for a directed verdict of not guilty as to Count #1, be and the same is hereby rescinded." 77 Ill.App.2d 132, 138, 221 N.E.2d 782, 785.

The appellate court, in reversing the trial court, held as follows:

> "We hold that a defendant, who has been placed in jeopardy and who has charges dismissed by the trial court, cannot have the charges reinstated either before or after the jury has been discharged." 77 Ill.App.2d 132, 140, 221 N.E.2d 782, 787.

Defendant likewise has cited numerous cases from other jurisdictions which, in substance, are in accord with the holding of the appellate court in *People v. Gallas.*

We do not agree with the contention of the State that the order directing the verdict was in suspension until the next day when it was rescinded. We, therefore, find that the defendant's motion for a directed verdict, which was in fact granted, is decisive and the court's attempted rescision of the prior day's order is a nullity.

For the reasons stated above the judgment is reversed.

Reversed.

SEIDENFELD, P. J., and HALLETT, J., concur.