THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES THOMAS PENDER, JR., Defendant-Appellee.

Fourth District   No. 4—86—0455

Opinion filed May 4, 1987.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Richard D. Frazier, both of State Appellate Defender's Office, of Springfield, for appellee.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

Defendant, James Thomas Pender, Jr., was charged by information in the circuit court of Macon County with driving while license revoked with a prior driving while license revoked conviction, in violation of section 6—303(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303(d)). A jury trial was held. At the close of all the evidence, the trial judge granted defendant's motion for a directed verdict. The State now appeals. For reasons that follow, the appeal is dismissed.

The following evidence was adduced at the June 22, 1986, jury trial in this cause. The State called one witness, Decatur city police officer Wayne Hughes. Hughes testified that on March 29, 1986, he was working second shift and at approximately 7:30 p.m. he was in the 200 block of East Leafland in Decatur. Hughes was driving west on Leafland when he saw defendant driving a car and saw his car turn on Water Street to proceed east. Although it was dark at 7:30 p.m., the headlights of Hughes' car hit defendant's car, and Hughes was able to observe and recognize the driver as defendant. Additionally, there were streetlights and other traffic in the area. Defendant was the only person in the car, and Hughes had spoken to him and seen him at other times. Hughes turned his squad car around and followed defendant because he knew "for a fact that Mr. Pender was revoked." Hughes stopped the defendant, approached his car, and requested defendant's driver's license. When defendant stated he did not have a driver's license, Hughes placed defendant under arrest for driving with license revoked.

The State offered People's exhibit No. 1, which was a certified record of defendant's prior conviction of driving with license revoked, and People's exhibit No. 2, which was a certified copy of defendant's revocation on February 16, 1973. Defendant objected to the admission of People's exhibit No. 1 as having no identification of defendant's being that same person. The State argued that the rebuttable presumption as to the accuracy of the record applied, and the court admitted exhibit No. 1. Defense counsel then objected to People's exhibit No. 2 as it did not contain a certified record of conviction in addition to the certified and sealed copy of revocation. The court noted that the certificate bears the seal of the Secretary of State on the revocation of driving privileges of the defendant and that the attached pages were supporting documents. The court then admitted People's exhibit No.

2. The court denied defendant's motion for a directed verdict at the close of the State's evidence.

Defendant then testified on his own behalf. He stated he had loaned his car that day to a friend. Defendant further testified that he received a call from Mr. Lucky's tavern that his friend had been in a fight and that the police would be called. Defendant then walked to Mr. Lucky's and picked up his car to drive it home. On cross-examination, defendant acknowledged that he knew he was not supposed to be driving at the time he was stopped.

During the jury instruction conference, counsel and the court discussed the elements of the offense that must be proved for a violation of section 6—303(d) (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303(d)). Thereafter, the court examined People's exhibit No. 2 and noted that page 3 of the exhibit reflected that defendant's driver's license had been revoked for the conviction of driving under the influence of intoxicating liquor. The court then inquired "[w]here is the conviction of DUI?" The State responded that it did not have to present evidence of the prior DUI conviction, but only had to prove that the license was revoked for a prior DUI. The court disagreed, analogizing this section to a second offense of theft when the first theft must be proved. The court concluded that for a conviction under section 6—303(d) (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303(d)), the State must prove four elements: (1) the DUI conviction; (2) the license revocation; (3) the first driving on revocation; and (4) the second driving on revocation. The court then ruled that since there was no proof of the driving under the influence of alcohol conviction underlying the revocation, the State had failed to prove all of the elements of the charged offense and defendant's motion for a directed verdict was allowed. The State now appeals challenging the trial court's ruling as erroneous.

As a preliminary matter, we address defendant's contention that the instant appeal is barred by the double jeopardy clause.

As just indicated, the trial court, on defendant's motion, directed a verdict in favor of the defendant at the close of all the evidence, ruling that the evidence presented had not been sufficient to convict. Contrary to the State's assertions, the directed verdict operated as an acquittal and thus is not appealable.

■■ ■ The constitutional protections against double jeopardy articulated by both the United States and Illinois constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, sec. 10) safeguard a defendant against being forced to undergo a second trial where the evidence introduced at the first trial is insufficient for conviction. (See *Burks v.*

*United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141.) The United States Supreme Court has applied the double jeopardy clause (U.S. Const., amend. V) to prosecutorial appeals from orders granting defense motions to terminate a trial before a verdict and to appeals from jury verdicts of not guilty. (See *United States v. Scott* (1978), 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187 (and cases cited therein).) In those cases the Supreme Court has held that "a defendant once acquitted may not be again subjected to trial without violating the Double Jeopardy Clause." (*United States v. Scott* (1978), 437 U.S. 82, 96, 57 L. Ed. 2d 65, 77, 98 S. Ct. 2187, 2196.) Specifically, the court held:

> "A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal." (*United States v. Scott* (1978), 437 U.S. 82, 91, 57 L. Ed. 2d 65, 74, 98 S. Ct. 2187, 2194.)

The *Scott* court responded that to permit a second trial after an acquittal, however mistaken the acquittal may have been, would present an unacceptably high risk that the government, with its superior resources, might wear down the defendant so that "even though innocent he may be found guilty." *United States v. Scott* (1978), 437 U.S. 82, 91, 57 L. Ed. 2d 65, 74, 98 S. Ct. 2187, 2194.

■ Referring to its earlier pronouncements in *Kepner v. United States* (1904), 195 U.S. 100, 49 L. Ed. 114, 24 S. Ct. 797, and *Fong Foo v. United States* (1962), 369 U.S. 141, 7 L. Ed. 2d 629, 82 S. Ct. 671, the *Scott* court noted that the law attaches particular significance to an acquittal. (*United States v. Scott* (1978), 437 U.S. 82, 91, 57 L. Ed. 2d 65, 74, 98 S. Ct. 2187, 2194.) The Supreme Court has defined an acquittal as a ruling of the judge, whatever its label, which actually represents a resolution in the defendant's favor, correct or not, of some or all of the elements of the offense charged. (See *Lee v. United States* (1977), 432 U.S. 23, 53 L. Ed. 2d 80, 97 S. Ct. 2141; *United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 51 L. Ed. 2d 642, 97 S. Ct. 1349.) The Supreme Court has emphasized the fundamental nature of the protection against double jeopardy in situations involving acquittals and has held that there is no exception permitting retrial once the defendant has been acquitted, even if the legal rulings underlying the acquittal were "egregiously erroneous." See *Fong Foo v. United States* (1962), 396 U.S. 141, 7 L. Ed. 2d 629, 82 S. Ct. 671; *Sanabria v. United States* (1978), 437 U.S. 54, 57 L. Ed. 2d 43, 98 S. Ct. 2170.

▆ The Constitution of Illinois also contains a provision which specifically provides protection against double jeopardy. (Ill. Const. 1970, art. I, sec. 10.) In addition, our constitution provides:

> "Appeals from final judgments of a Circuit Court are a matter of right to the Appellate Court in the Judicial District in which the Circuit Court is located except in cases appealable directly to the Supreme Court and *except that after a trial on the merits in a criminal case, there shall be no appeal from a judgment of acquittal.*" (Emphasis added.) (Ill. Const. 1970, art. VI, sec. 6.)

This provision has been interpreted to provide rights and protections beyond those assured by the double jeopardy clause. (*People v. Van Cleve* (1982), 89 Ill. 2d 298, 432 N.E.2d 837.) Illinois courts have relied upon United States Supreme Court decisions to hold that a judgment of acquittal triggers double jeopardy protection where the ruling represents a resolution, correct or not, of some or all of the factual elements of the offense charged. (See *People ex rel. Daley v. Crilly* (1985), 108 Ill. 2d 301, 483 N.E.2d 1236.) Similarly, Illinois courts have held that even if the trial judge appraised the evidence incorrectly in deciding that it was insufficient for conviction, or "obviously" erred in directing a verdict, the order is not appealable. *People ex rel. Daley v. Limperis* (1981), 86 Ill. 2d 459, 427 N.E.2d 1212; *People v. Strong* (1984), 129 Ill. App. 3d 427, 472 N.E.2d 1152.

▆ In the instant case, the trial court directed a verdict in favor of the defendant at the close of the evidence, based upon a failure of proof of a key element of the offense charged (proof of defendant's underlying DUI conviction). The court's ruling, whether correct or not, resolved all the factual elements of the offense charged. Thus, we believe this ruling is properly characterized as an acquittal for insufficient evidence. The State argues that the verdict was based upon an erroneous legal ruling. However, in light of the aforementioned principles, the acquittal, even if erroneous, bars further prosecution and hence bars appellate review of the trial court's ruling.

Accordingly, as the judgment of the circuit court of Macon County is not appealable, this appeal is dismissed.

Appeal dismissed.

GREEN and LUND, JJ., concur.